# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

RICARDO EDWIN LANIER, CDCR #F-80725,

Plaintiff,

vs.

ROBERT HERNANDEZ. et al.,

Defendants.

Civil No. 09cv0240 DMS (POR)

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT**

**[Doc. No. 21]**

I.

## PROCEDURAL HISTORY

On February 9, 2009, Plaintiff, a state inmate currently incarcerated at the California Correctional Institution and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a certified copy of his prison trust account statement which the Court liberally construed to be a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], along with a Motion for Appointment of Counsel [Doc. No. 3], and a Motion for

a Preliminary Injunction [Doc. No. 4]. The Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motions for Appointment of Counsel and Preliminary Injunction on April 17, 2009. In addition, the Court dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Apr. 17, 2009 Order at 7-8. Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 8. On May 14, 2009, Plaintiff filed his First Amended Complaint ("FAC"). The Court found that Plaintiff's FAC failed to state a claim and failed to comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Aug. 13, 2009 Order at 4-5. However, Plaintiff was given one final opportunity to file a Second Amended Complaint. *Id.* On September 3, 2009, Plaintiff filed his Second Amended Complaint ("SAC"). The Court, once again, sua sponte dismissed his Second Amended Complaint for failing to state a claim and for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. *See* Oct. 20, 2009 Order at 7-8.

On November 16, 2009, Plaintiff filed a "Motion to Alter or Amend the Judgment" pursuant to FED.R.CIV.P. 59(e) [Doc. No. 21].

II.

PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S JUDGMENT

Plaintiff has brought a motion to alter or amend judgment under Rule 59(e). *See* *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Here, Plaintiff disagrees with the Court's finding that he failed to state a claim upon which relief could be granted. To that end, Plaintiff argues the same facts that the Court already considered in his Second Amended Complaint which the Court found to be insufficient to state a constitutional claim. In addition, Plaintiff argues that his case should not have been dismissed for failing to exhaust his administrative remedies because "the court would be able to see that [Plaintiff] did in fact have a good cause to file his 42 U.S.C. § 1983 without fully exhausting administrative remedies." *See* Pl.'s Mot. at 15. He further asks that the Court "waive" the requirement to exhaust his administrative remedies. *Id.* at 15-16.

The Court has no discretion to "waive" this requirement when the remedies are available but Plaintiff failed to properly exhaust his administrative grievances. The Supreme Court has made clear that Plaintiff must "properly exhaust" his administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91. The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court." *Id.* Plaintiff concedes he failed to exhaust, and thus, dismissal of this action is proper. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to the exhaustion applies.").

Accordingly, Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

/ / /

/ / /

**III.**

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend the Judgment [Doc. No. 21] pursuant to FED.R.CIV.P. 59(e) is **DENIED**.

DATED: December 8, 2009

HON. DANA M. SABRAW
United States District Judge